# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

SEDNA AIRE USA INC.,
a Florida Corporation, and
JAMES P. HAMMOND, an individual,

      Plaintiffs,

v.

ECO SOLAR TECHNOLOGIES, INC.,
a Nevada Corporation, and
RICHARD COOLEY, an individual,

      Defendants.

_____/

Case No. _____

**JURY TRIAL REQUESTED**

## COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, CYBERSQUATTING, CONSTRUCTIVE TRUST AND UNFAIR COMPETITION

Plaintiffs SEDNA AIRE USA INC. ("Sedna Aire") and JAMES P. HAMMOND ("Mr. Hammond") (collectively "Plaintiffs") hereby sue Defendants ECO SOLAR TECHNOLOGIES, INC. ("Eco Solar") and RICHARD COOLEY ("Mr. Cooley") (collectively "Defendants") for willful patent infringement, willful trademark infringement, cybersquatting, breach of fiduciary duty, breach of a duty of loyalty, constructive trust over United States Trademark Registration No. 4,305,795, and unfair competition. In support, Plaintiffs allege as follows:

### THE PARTIES

1.     Sedna Aire is a corporation organized and existing under the laws of the State of Florida, having a business address at 440 NW 19th Street, Homestead, Florida 33030. Sedna Aire is a technology innovation company that designs, develops, creates, sells, offers for sale, markets, promotes, and distributes a variety of high efficiency HVAC systems, including but not limited to its **SOLAR COOL** line of proprietary solar air conditioning systems.

2.      Mr. Hammond is an individual located at 440 NW 19th Street, Homestead, Florida 33030.   Mr. Hammond is the sole officer, director and owner of Sedna Aire.    Mr. Hammond is also the owner of United States Patent No. 8,448,458 issued on May 28, 2013 entitled "Solar Collector and Solar Air Conditioning System Having the Same" (hereinafter "the '458 Patent.").  A true and correct copy of the '458 Patent is attached as **Exhibit A** hereto.

3.      Eco Solar is a corporation organized and existing under the laws of the State of Nevada, located at 723 South Casino Center Blvd., 2nd Floor, Las Vegas, Nevada 89101-6716. Eco Solar also maintains a business address and a facility at 6619 North Scottsdale Road, Scottsdale, Arizona 85250.  Eco Solar is a former West Coast distributor of Sedna Aire's **SOLAR COOL** brand of proprietary solar air conditioning systems.

4.      Upon information and belief, Mr. Cooley is the sole officer, owner and moving force of Eco Solar and is located at 6619 North Scottsdale Road, Scottsdale, Arizona 85250.

<u>JURISDICTION AND VENUE</u>

5.      This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338(a) and (b), by virtue of 15 U.S.C. §1051 *et seq.,* in that the case arises out of §43(a) of the Lanham Act for trademark infringement and supplemental jurisdiction under 28 U.S.C. §§1367(a) and 1338 (a)(b).  This action further arises under the patent laws of the United States, Title 35 of the United States Code, as it alleges acts of willful patent infringement.

6.      Jurisdiction in Florida is proper over Defendants in that this action arises under a November 16, 2011 agreement entitled "Sedna Aire USA Exclusive Distributor Agreement" (hereinafter the "Distributor Agreement") entered into between Sedna Aire and Defendants, whereby Defendants agreed in Paragraph 20 that any dispute would arise under "the laws of the State of Florida and any dispute under this Agreement must be brought in this venue and no other."  A true and correct copy of the Distributor Agreement is attached as **Exhibit B** hereto.

7.     Jurisdiction is further proper in Florida in that Defendants have committed intentional torts, including unfair competition and trademark infringement, directed at Plaintiffs in Homestead, with knowledge that Plaintiffs are located in Homestead, and having resulted in injury to Plaintiffs' goodwill and business in Florida (as well as elsewhere).  As discussed in greater detail herein, this has further included (but is in no way limited to) Defendants' intentional acts of tortious interference with Plaintiffs' on-going business relationships, including threats to Florida area distributors of Plaintiffs' **SOLAR COOL** proprietary solar air conditioning systems, under the suggestion that it is Defendants, rather than Sedna Aire, which maintain exclusive trademark rights in the mark **SOLAR COOL**.  A true and correct copy of one effort by Defendants – directed at Sedna Aire distributor American Solar Energy LLC located in Florida – to commit an intentional tort is attached as **Exhibit C** hereto. Based upon information and belief, Mr. Cooley personally participated in, was the moving force behind, ratified, and benefited from Defendant Eco Solar's intentional tortious activity explained herein.

8.     Venue is proper under 28 U.S.C. §1391(b) because on information and belief, Defendants offer for sale infringing **SOLAR COOL** solar air conditioning system (which infringe the '458 Patent), throughout this District.  As shown in the below screenshot of Defendants' website located at www.EcoSolarTechnologies.com (the "Eco Solar Website") Defendants are intentionally advertising these infringing goods under the confusingly similar mark **SOLAR COOL** to individuals located in this District, under the suggestion Defendants the "Exclusive Distributor" of **SOLAR COOL** solar air conditioning systems:



## <u>GENERAL ALLEGATIONS</u>

### The SOLAR COOL Technology

9.      Sedna Aire was formed and organized by Mr. Hammond with the State of Florida Department of State in April 2009 for the purposes of designing, developing and creating improved efficiency HVAC systems.  Based upon the continued rise in energy costs and energy demands, Mr. Hammond set out to design and develop more efficient air conditioning systems that would help lower electrical costs associated with air conditioning residential and commercial dwellings in tropical, sub-tropical, and desert areas.  Mr. Hammond's envisioned application of such technology would not only allow for lower energy costs, but allow more long term affordability of air conditioning especially in lower income areas.

10.      In 2010, Mr. Hammond designed and developed a solar air conditioning system, which included combination of an air conditioning compressor and a solar collector.

11.      Based upon this design and system, United States Patent Application Serial No. 12/926,380 ("the '380 Application") was prepared and filed before the United States Patent and

Trademark Office ("USPTO") on or about November 15, 2010.  Mr. Hammond was listed as the inventor of the patent application.

**12.**      Ultimately, the '380 Application was approved and issued as United States Patent No. 8,448,458 issued on May 28, 2013 entitled "Solar Collector and Solar Air Conditioning System Having the Same" (hereinafter the "'458 Patent").  *See* **Exhibit A**.

13.      Sedna Aire began designing, developing, manufacturing and selling certain high efficiency solar air conditioning systems, based upon Mr. Hammond's technology disclosed in the '380 Application during the Fall of 2010.

<u>**Adoption and Priority of Use of the SOLAR COOL Mark and Logo**</u>

14.      In early 2011, Sedna Aire began using the mark **SOLAR COOL** in commerce in the United States for purposes of selling one of its lines of solar air conditioning technology based upon the '380 Application.

15.      Upon information and belief, Sedna Aire is the first to adopt the mark **SOLAR COOL** for purposes of selling and offering for sale solar air conditioning systems.

16.      In February 2011, Sedna Aire had the following distinct logo designed on its behalf, and shortly thereafter began to use this logo which included its previously adopted **SOLAR COOL** mark (hereinafter the "**SOLAR COOL** Logo"):



17.      In March 2011, Sedna Aire entered into a distribution agreement with Phoenix based Phoenician Solar for purposes of selling Sedna Aire's **SOLAR COOL** line of solar air conditioning systems.  A true and correct copy of a March 2011 set of marketing materials is

attached as **Exhibit D** hereto.  As shown in **Exhibit D**, Phoenician Solar was a company located at 6619 North Scottsdale Road, Scottsdale, Arizona 85250 which starting selling in March 2011 – as a distributor of the Sedna Aire **SOLAR COOL** branded systems:



18.     As shown in **Exhibit D**, it is clear that the mark **SOLAR COOL** was adopted and used by Sedna Aire for purposes of its marketing and sale of solar air conditioning technology. Moreover, it is further clear that Phoenician Solar was merely a distributor and licensee of the mark **SOLAR COOL**.

19.     During that same time period, Sedna Aire adopted and began using in interstate commerce the **SOLAR COOL** Logo in installing solar air conditioning systems:

  

**Example of March 2011 Instillation of Sedna Aire Solar Air Conditioning System which included the SOLAR COOL Logo**.

In such installations, the **SOLAR COOL** Logo referenced how these solar air conditioning systems originated from "Senda Aire USA" to properly identify the source of these goods.

20.     Since the March 2011 timeframe, Sedna Aire has consistently and exclusively used its **SOLAR COOL** mark (as well as its related **SOLOR COOL** Logo) to advertise, promote, and denote its high quality and proprietary solar air conditioning technology.

21.     Sedna Aire has likewise sought to protect its mark **SOLAR COOL** not only in the United States, but in the European Union.  Sedna Aire's European affiliate Sedna Aire Europe GmbH is the owner of Registration No. 011068798 for the mark **SOLAR COOL**, through the European Union Office for Harmonization in the Internal Market.  A true and correct copy is attached as **Exhibit E.**

22.     As a result, the mark **SOLAR COOL** connotes a considerable level of goodwill and repute in the HVAC and air conditioning markets.  Accordingly, Sedna Aire maintains exclusive and unencumbered rights to the mark **SOLAR COOL.**

### Distribution Relationship with Eco Solar

23.     Upon information and belief, Phoenician Solar was reorganized in the Fall 2011, and ultimately became Eco Solar.  Eco Solar maintained the same facilities in Scottsdale as previously used by Phoenician Solar, although the business is now owned and managed by Mr. Cooley.

24.     After this reorganization, Eco Solar approached Sedna Aire to discuss continued distribution of Sedna Aire's **SOLAR COOL** branded solar air conditioning systems.  Based upon this request, Sedna Aire on November 16, 2011 entered into the Distributor Agreement with Eco Solar.  *See* **Exhibit B**.   Under the terms of this distribution relationship, Eco Solar obtained the right to exclusively distribute **SOLAR COOL** solar air conditioning systems in a limited territory that included Arizona, California, Hawaii, Nevada, Utah and New Mexico.

25.     Eco Solar further agreed under the Distribution Agreement that it would not engage in any form of "promotion, marketing or sale of any goods or produces that compete with" Sedna Aire's **SOLAR COOL** branded solar air conditioning systems.   Likewise, Eco Solar agreed that it would not use any of Sedna Aire's trademarks or trade names – which at the time included the **SOLAR COOL** mark and **SOLAR COOL** Logo – "as part of its firm, corporate or business name in any way."   Eco Solar also agreed that it would not contest the right of Sedna Aire to the exclusive use of Sedna Aire's trademarks and trade names. *See* **Exhibit B**.

### January 2013 Improper Termination of the Distribution Agreement

26.     Despite the Distribution Agreement having a seven-year term (*see* **Exhibit B**), Defendants unexpectedly served a notice of termination on of the underlying agreement dated January 7, 2013.   A true and correct copy of this termination notice directed to Mr. Hammond is provided at **Exhibit F**.   As shown in **Exhibit F**, Mr. Cooley suggested that:

> As the Distributor Agreement between Sedna Aire and Eco Solar Technologies Inc. has been terminated, you are hereby notified that Sedna Aire or any of its affiliates or related parties are no longer authorized to use any Eco Solar Technologies Inc. intellectual property or other materials such as: the Solar Cool name . . . [t]o the extent you have not done so already, please cease and desist from any use whatsoever of the items mentioned above.

Mr. Cooley's letter fails to allege or suggest any form of material breach as required under Section 15.2 of the Distribution Agreement.   Thus, this effort to terminate the Distribution Agreement was not only improper but was made in bad faith.

27.     As further shown in **Exhibit F**, Mr. Cooley's letter fails to suggest how Eco Solar could maintain any intellectual property rights to the "Solar Cool name" in light of the clear dictates of Section 13 of the Distribution Agreement which proscribes how:

> [Eco Solar] will not use, authorize, or permit the use of, the name or any other trademark or trade name owned by [Sedna Aire] . . . in any way.   Distributor shall not contest the right of [Sedna Aire]  to exclusive use of any trademark or trade name used or claimed by [Sedna Aire].

28.     On or about May 30, 2013, Plaintiffs received a demand letter from Eco Solar's attorney suggesting how Eco Solar was the owner of United States Trademark Registration 4,305,795 for the mark **SOLAR COOL**.     A true and correct copy of this letter is attached as **Exhibit G**.     The letter references how Eco Solar was using the domain name www.SolarCool.com for purposes of marketing and advertising a line of solar air conditioning systems (the "Infringing Website").     Likewise, the letter references the January 7, 2013 attempted termination letter by Mr. Cooley (**Exhibit F**) – although it skirts the issue of how Eco Solar could have obtained any trademark rights for its licensed use of the mark **ECO SOLAR** from Sedna Aire under the Distribution Agreement.     Lastly, the letter demanded a response no later than June 15, 2013 – a Saturday.

29.     On or about June 11, 2013, Plaintiffs received word from Wagner Mechanical – one of Sedna Aire's distributors for the New Mexico area – that Eco Solar had threated legal action regarding Wagner Mechanical's sales of Sedna Aire based **SOLAR COOL** solar air conditioning systems.     Specifically, Eco Solar had written a cease and desist letter to Wagner Mechanical stating that its use of the mark **SOLAR COOL** was "in violation of Intellectual property right owned by Eco Solar Technologies Inc." and demanded that Sedna Aire's New Mexico based distributor "remove all Eco Solar Technologies Inc. intellectual property from the wagnermechanical.com website and any place else you may be using [the **SOLAR COOL** mark] as well."     A true and correct copy of this cease and desist letter is attached as **Exhibit H**.

### Investigation Into Eco Solar's Fraudulent Trademark for SOLAR COOL

30.     Between June 11 and June 14, an investigation was made regarding prosecution of United States Trademark Registration 4,305,795 for the mark **SOLAR COOL**.  Based upon this investigation, it was apparent that subsequent to the filing of the underlying application, Mr.

Cooley attempted to file a statement of use on or about August 7, 2012 to suggest that the mark **SOLAR COOL** had been used in commerce exclusively by Eco Solar. Under penalty of perjury, Mr. Cooley declared to the USPTO that Eco Solar is:

> [T]he owner of the trademark/service mark sought to be registered [and that] no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto . . . and that all statements made of his [ ] own knowledge are true; and that all statements made on information and belief are believed to be true.

In making this declaration Mr. Cooley provided the following as a purported specimen of use:



Clearly, this is the very same design created and adopted initially by Sedna Aire in February 2011 for the sale of solar air conditioning systems – well before it formed a relationship with Eco Solar in November 2011. As such, Mr. Cooley's statements clearly were improper and false.

31. On August 28, 2012, the USPTO issued an office action with regard to the underlying application and rejected Mr. Cooley's fraudulent specimen stating:

> The specimen is not acceptable because it is merely a photocopy of the drawing or a picture or rendering of the applied-for mark; it does not show the applied-for mark in actual use in commerce on the goods.

Mr. Cooley responded on January 24, 2013 by way of a response to office action. In responding Mr. Cooley submitted the following substitute specimen to the USPTO:



Despite the fact that this specimen is nothing more than a Sedna Aire supplied solar air conditioning unit, with the term "Sedna Aire USA" conspicuously and physically cut off the bottom of the affixed logo, Mr. Cooley declared, under penalty of perjury, to the USPTO that:

> to the best of his [ ] knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof . . .

Based upon this second false sworn representation by Mr. Cooley to the UPSTO, the registration of the mark was allowed and on March 19, 2013 the USPTO issued a certificate of registration. That certificate suggests that Eco Solar first used the **SOLAR COOL** mark on April 1, 2011, which is (a) well before the Distribution Agreement was executed, and (b) after Sedna Aire's prior adoption and use of the mark **SOLAR COOL** in interstate commerce.   As such, Sedna Aire clearly maintains priority of use regarding its **SOLAR COOL** mark over Eco Solar.

### Sedna Aire's Response and Eco Solar's Subsequent Tortious Interference

32.   On June 14, 2013, based upon the aforementioned investigation into Eco Solar's multiple fraudulent misstatements to the USPTO, Plaintiffs responded to the accusations contained in **Exhibit G** via a detailed response letter served via email on June 14, 2013.   A true and correct copy of this response letter is attached at **Exhibit I** hereto.   As shown, Plaintiffs addressed the fraudulent nature of Eco Solar's efforts to obtain a trademark registration in light

of its mere distribution relationship for **SOLAR COOL** brand solar air conditioning systems, as well as the improper statements made to the USPTO by Mr. Cooley:

> We are in receipt of your letter dated May 30, 2013, which includes certain allegations of trademark infringement, including with regard to U.S. Trademark Registration No. 4,305,795 for the mark **SOLAR COOL**. Upon initial review of the underlying trademark prosecution history . . . Mr. Cooley attempted to suggest use in commerce by Eco Solar, and attempted to file a specimen and provide a statement of use.   This specimen – which was just a graphic of the **SOLAR COOL** logo – was rejected by the trademark examiner on August 28, 2012. At which time, a new specimen was filed on January 24, 2013. From review of the specimen filed, this appears to be the **SOLAR COOL** logo previously employed by Sedna Aire as its trademark – with the indicia regarding made by "Sedna Aire USA" intentionally removed.

33.    On June 17, 2013 Defendants indirectly responded by contacting Plaintiff's Internet   Service   Provider   ("ISP")   which   maintained   Plaintiff's   website www.SednaAireUSA.com – and alleging that Plaintiffs' were violating copyright law regarding Plaintiff's advertising of its **SOLAR COOL** mark under the Digital Millennium Copyright Act ("DMCA") (hereinafter the "DMCA Take Down").  This resulted in Plaintiffs' website to be taken down by the ISP – inhibiting Plaintiffs' ability to advertise, market and promote its **SOLAR COOL** line of proprietary solar air conditioning systems.  A true and correct copy of this DMCA Take Down is attached as **Exhibit J** hereto.

34.    Defendants' actions by seeking the DMCA Take Down were clearly in bad faith, especially based upon the fact that they had acquired the trademark registration for the **SOLAR COOL** mark through making multiple false and misleading statements to the USPTO, in light of their knowledge that Plaintiffs had established priority of use over the **SOLAR COOL** mark.

35.    On June 21, 2013, Defendants began a new wave of efforts to tortuously interfere with Plaintiffs' well-established distribution relationships for **SOLAR COOL** branded solar air conditioning systems.  This included a June 21, 2013 demand notice to Sedna Aire's existing business relation Brazos Valley Services suggesting that it was "in violation of Intellectual

Property owned by Eco Solar Technologies Inc." and that Brazos Valley Services was no longer allowed to sell any products under the **SOLAR COOL** brand made by Sedna Aire.  A true and correct copy of this June 21, 2013 demand notice is attached as **Exhibit K** hereto.

36.     Upon information and belief, Defendants continue to serve demand notices on Plaintiffs' on-going and advantageous business relations, including its distributors of its proprietary **SOLAR COOL** branded solar air conditioning systems.  As such, Plaintiffs continue to suffer irreparable harm and damages caused by these improper acts, including acts of tortious interference with advantageous business relationships.

37.     Likewise, upon further information and belief, Defendants are continuing to sell Sedna Aire's **SOLAR COOL** branded solar air conditioning systems which are protected by and covered by the '458 Patent.

**COUNT I**
**WILLFUL INFRINGEMENT OF U.S. PATENT NO. 8,448,458**
(against all Defendants)

38.     Plaintiffs re-allege and incorporate by reference paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

39.     This is a claim of willful patent infringement against all Defendants.

40.     Mr. Hammond is the owner of the '458 Patent, which is attached as **Exhibit A**. The '458 Patent is both valid and enforceable.

41.     Plaintiffs have the right to sue, and recover damages, for infringement of the '458 Patent.

42.     On information and belief, Defendants are directly selling, offering for sale, or using a solar air conditioning system having both a compressor as well as a solar collector that contains at least one evacuated tube that heads a compressed working fluid while flowing through an interior space of that evacuated tube.

43.     Upon further information and belief, Defendants are selling, offering for sale, or using a solar air conditioning system based up the very same design that Defendants sold under the Distribution Agreement.

44.     As such, Defendants directly (or at the very least contributorily) infringe or through the doctrine of equivalence infringe the '458 Patent in this judicial district and elsewhere throughout the United States – including through sales from the Eco Solar Website.

45.     Infringements by Defendants include without limitation making, using, offering for sale and/or selling within the United States solar air conditioning systems, including the following as depicted on the Eco Solar Website:



**Examples of Combination Compressor and Solar Collector Assemblies having Multiple Evacuated Tubes to Heat a Working Fluid sold by Defendants**

46.     Moreover, the Eco Solar Website further admits that its solar air conditioning system heats Freon (a known working fluid) through multiple evacuated tubes through a solar panel (*ie*, a solar collector):

> The **Solar Cool™** system uses the sun and **one solar collector** to super heat and pressurize environmentally friendly Freon. The **solar collector then sends the Freon to the condenser**, where the cooling of the dense pressurized Freon takes place. The solar assisted compressor is generating less pressure, resulting in fewer amps consumed by the system.
>
> . . .
>
> The **Solar Cool™** system is **a unique patent pending solar assisted air conditioning system** which incorporates a premium 15 or 16 SEER air

conditioner with **an evacuated tube solar collector** to produce unequaled savings and cooler air especially during times of high heat and peak demand.

http://www.ecosolartechnologies.com/dnn/Products/SolarCool/HowitWorks.aspx (last visited on June 23, 2013) (emphasis added).   A true and correct copy is attached at **Exhibit L** hereto.

47.     By making, using, importing, offering for sale, and/or selling within the United States, and/or importing into the United States these combination air conditioning compressor and solar collector assemblies (which include one or more evacuated tubes to heat a working fluid), Defendants are liable for infringement of the '458 Patent under 35 U.S.C. § 271(a).

48.     This infringement by Defendants' Solar Cool system includes at least Claim 1 of the '458 Patent, which reads as follows:

> A solar air conditioning system comprising:
> a compressor that compresses a working fluid;
> a solar collector coupled to said compressor, said solar collector heating said compressed working fluid; a condenser coupled to said solar collector, said condenser condensing said heated working fluid;
> and an evaporator coupled between said condenser and said compressor, said evaporator evaporating said condensed working fluid,
> wherein said solar collector comprises: at least one evacuated tube that heats said compressed working fluid, wherein said compressed working fluid is heated while flowing within an interior space of said at least one evacuated tube.

49.     This infringement is willful in that (a) Defendants' were well aware that Mr. Hammond had filed a patent application before the USPTO and how Plaintiffs had been prosecuting the '380 Application – as suggested by the statements made in **Exhibit L**, and (b) Plaintiffs placed Defendants on written notice of the issuance of the '458 Patent, including but not limited upon service of **Exhibit I**.   Despite this, the Eco Solar Website shows that Defendants are nonetheless still selling and offering for sale infringing products, in clear violation of Claim 1 of the '458 Patent.

50.     Plaintiffs have been irreparably harmed and damaged in light of the foregoing willful patent infringement of the '458 Patent.

51.     Defendants should be ordered to pay Plaintiffs not only their damages, costs and expenses, but also pre-judgment and post-judgment interest as provided by 35 U.S.C. § 284. Likewise, Defendants request judgment and an order finding that this is an exceptional case within the meaning of U.S.C. § 285 and awarding to Plaintiffs its reasonable attorneys' fees, as well as all other relief to which Plaintiffs may show itself to be entitled.

**COUNT II**
**FEDERAL UNFAIR COMPETITION – PASSING OFF UNDER 15 U.S.C. §1125(a)**
(against all Defendants)

52.     Plaintiffs re-allege and incorporate by reference paragraphs one (1) through fifty-one (51) as if fully set forth herein.

53.     Defendants have knowingly and intentionally used the **SOLAR COOL** mark (as well as the **SOLAR COOL** Logo) on solar air conditioning systems that it sells, offers for sale, markets, promotes and advertises in interstate commerce, including on both its Eco Solar Website, as well as on the Infringing Website (which incorporates the **SOLAR COOL** mark).

54.     Defendants have adopted and incorporated the **SOLAR COOL** mark (as well as the **SOLAR COOL** Logo) on solar air conditioning systems subsequent to Sedna Aire's use of both marks and indicia, based upon Sedna Aire's Distribution Agreement entered into in November 2011 – which was months after Sedna Aire's design, development and first use of the **SOLAR COOL** mark (as well as the **SOLAR COOL** Logo) in interstate commerce.

55.     Defendants' solar air conditioning products, its advertising materials, the Eco Solar Website, and the Infringing Website are all intentionally and improperly designed to suggest that there is some continued relationship between Defendants and Sedna Aire (and/or the **SOLAR COOL** line of proprietary solar air conditioning system).

56.     Defendants' use of the **SOLAR COOL** mark (as well as the **SOLAR COOL** Logo) regarding sales of solar air conditioning systems is likely to cause, has caused, and will continue to cause, confusion among customers as to the origin, sponsorship or approval of Defendants' products.

57.     As such, Defendants' actions are in violation of 15 U.S.C. § 1125(a) in that Defendants have used and continue to use, in relation to commercial activities, a false designation or origin, or a false or misleading description which is likely to cause confusion, and to cause mistake, and to deceive, as to the affiliation, connection, or association of Defendants and Sedna Aire.

58.     Sedna Aire has suffered, and will continue to suffer, irreparable harm resulting from the acts of unfair competition by Defendants.  Sedna Aire will suffer additional irreparable harm unless Defendants are enjoined by the Court from continuing those acts, which constitute unfair competition.

59.     Plaintiffs have no adequate remedy at law.

60.     Upon information and belief, Defendants' acts of unfair competition are willful and this is an exceptional case within the meaning of 15 U.S.C. §1117.

<u>**COUNT III**</u>
<u>**FEDERAL CYBERSQUATTING UNDER 15 U.S.C. §1125(d)**</u>
(against all Defendants)

61.     Plaintiffs re-allege and incorporate by reference paragraphs one (1) through sixty (60) as if fully set forth herein.

62.     This is Count III is an action by Plaintiffs against Defendants for cybersquatting, based upon the act of registering and/or trafficking an Internet domain name that includes a confusingly similar mark compared to Sedna Aire's **SOLAR COOL** mark.

63.     As provided by the foregoing, Sedna Aire is the first user (and accordingly has priority) over the **SOLAR COOL** mark, prior to the November 2011 Distribution Agreement with Defendants.   As of February 2011, Sedna Aire has enjoyed exclusive rights in that distinctive mark, protectable under 15 U.S.C. § 1125(a) as well as other related common law rights.

64.     Subsequent to Sedna Aire's adoption and use of the **SOLAR COOL** mark, Defendants obtained access and rights to the Infringing Website.   Moreover, the Infringing Website has a domain name that is confusingly similar to the distinctive mark **SOLAR COOL**.

65.     Upon information and belief, Defendants' acquisition of rights to the Infringing Website, and launch of that website was done to divert customers from Plaintiffs' website www.SednaAireUSA.com (prior to Defendants' efforts to fraudulently seek and obtain a DMCA Take Down from Plaintiff's ISP in June 2013) for commercial gain and/or to create a likelihood of confusion as to the source, sponsorship, affiliation or enforcement of the site.   As such, Defendants' actions constitute bad faith under 15 U.S.C. §1125(d)(1)(B)(i)(V).

66.     Accordingly, Defendants' bad faith actions are in direct violation of 15 U.S.C. §1125(d) and accordingly require Defendants' forfeiture of the domain name tied to the Infringing Website.

67.     Likewise, Defendants' actions have caused and will continue to cause irreparable harm, lost profits, and loss of sales.

68.     Plaintiffs will continue to suffer additional irreparable harm unless Defendants are enjoined by the Court from continuing those acts, which constitute clear cybersquatting.

69.     Plaintiffs have no adequate remedy at law.

70.     Upon information and belief, Defendants' acts of unfair competition are willful and this is an exceptional case within the meaning of 15 U.S.C. §1117.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION
(against all Defendants)

71.     Plaintiffs re-allege and incorporate by reference paragraphs one (1) through seventy (70) as if fully set forth herein.

72.     This Count IV is a claim for unfair competition under the laws of the state of Florida.

73.     Defendants' aforesaid activities constitute unfair competition and an infringement of Plaintiffs' common law rights in the mark **SOLAR COOL.**

74.     Plaintiffs have been damaged by the Defendants' knowing and willful acts of unfair competition, including but not limited to its adoption and continued use of the name **SOLAR COOL.**

75.     This common law unfair competition has caused, and unless enjoined will continue to cause Plaintiffs irreparable harm.

76.     Plaintiffs have no adequate remedy at law.

## COUNT V
## BREACH OF FIDUCIARY DUTY
(against both Defendants)

77.     Plaintiffs re-allege and incorporate by reference paragraphs one (1) through seventy-six (76) as if fully set forth herein.

78.     This Count V is a claim for breach of fiduciary duty against both Defendants under the common law of the State of Florida.

79.     Through providing distribution services to Plaintiffs under the November 2011 entered Distribution Agreement, Defendants became fiduciaries to Plaintiffs with regard to sale, offer for sale, marketing, promotion and distribution of Plaintiffs' proprietary **SOLAR COOL** brand of solar air conditioning systems.

80.     As fiduciaries to Plaintiffs, Defendants owed Plaintiffs a clear duty of honesty and candor, as well as a duty to act prudently and in the best interest of Plaintiffs various business ventures.

81.     Defendants' actions of using their licensed rights to use Plaintiffs' **SOLAR COOL** mark (as well as related **SOLAR COOL** Logo) for purposes of prosecuting and obtaining a United States Trademark registration (among other acts) constitutes a clear breach of Defendants' fiduciary obligations to Plaintiffs.

82.     Likewise, Defendants' actions of marketing themselves as the "exclusive distributor" of **SOLAR COOL** branded solar air conditioning systems is a further breach of Defendants' fiduciary obligations to Plaintiffs.

83.     These breaches of fiduciary duty have resulted in and are the proximate cause of Plaintiffs' ability to obtain a trademark registration for its **SOLAR COOL** mark (as well as related **SOLAR COOL** Logo) – as well as related loss of rights and control over Sedna Aire's branding.

84.     As a consequence of these breaches of the fiduciary relationship by Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs demand judgment against Defendants for damages and for such other further relief based upon this breach of fiduciary duty as this Honorable Court may deem just under the circumstance.

## COUNT VI
## BREACH OF THE DUTY OF LOYALTY
(against both Defendants)

85.     Plaintiffs re-allege and incorporate by reference paragraphs one (1) through seventy-six (76) as if fully set forth herein.

86.     This Count VI is a claim for damages for breach of the duty of loyalty against both Defendants under the common law of the State of Florida.

87.     At all times relevant to Defendants providing distribution services for Plaintiffs regarding Plaintiffs' proprietary **SOLAR COOL** line of solar air conditioning systems   - Defendants were reposed trust and accepted such trust.

88.     Defendants had a duty not to engage in disloyal acts in anticipation of future competition – including the prosecution and registration of the **SOLAR COOL** mark before the USPTO, effectuating a DMCA Take Down in June 2013 of Sedna Aire's website located at www.SednaAireUSA.com, and suggesting that Defendants' are the owners of a patent pending and/or patented technology behind the **SOLAR COOL** line of solar air conditioning systems (as suggested in **Exhibit L**).

89.     In engaging in the aforementioned conduct, Defendants acted knowingly with malice with the intent to injure Plaintiffs, as well as intending to interfere with or to destroy Plaintiffs' business.

90.     Plaintiffs have suffered substantial economic loss as a direct and proximate result of these aforementioned acts of disloyalty.

91.     Defendants have been unjustly enriched by their acts of disloyalty to Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against Defendants for the following relief:

(a)     Compensatory and other damages allowed by law;

(b)     A permanent injunction, including mandatory relief, preventing Defendants from continuing to own and have any rights in the **SOLAR COOL** mark obtained by Defendants acts of disloyalty; and

(c)     Costs of the action and such other relief as the Court may deem appropriate.

## COUNT VII
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
(against all Defendants)

92.      Plaintiffs re-allege and incorporate by reference paragraphs one (1) through ninety-one (91) as if fully set forth herein.

93.      This Count VII is a claim for tortuous interference with advantageous business relationships against both Defendants under the common law of the state of Florida.

94.      Defendants have intentionally, unilaterally and unjustifiably interfered with Plaintiffs' relationships various distributors of Plaintiffs' **SOLAR COOL** line of proprietary solar air conditioning systems including but not limited to Florida based American Solar Energy LLC (*see* **Exhibit C**) located in Florida, its New Mexico distributor Wagner Mechanical, as well as distributor Brazos Valley Services (*see* **Exhibit K**).  In both instances, Defendants demanded that both Sedna Aire distributors stop using the **SOLAR COOL** mark, and hence stop selling Sedna Aire's line of proprietary solar air conditioning systems – or otherwise face the risk of litigation.

95.      Defendants' conduct has caused loss of sales through these Distributors – as well as the risk that they shall sever any advantageous business relationship with Plaintiffs.

96.      Defendants' behavior was, and is, intentional, malicious, purposeful and calculated solely and exclusively to cause Plaintiffs to suffer economic loss.

97.      As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer significant economic loss and damage.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

(a) Enter a judgment against Defendants in an amount suitable to recompense Plaintiffs for the loss of the professional business relationships with these distributors and others in the field of treating canine diabetes and the resulting economic loss;

(b) Grant Plaintiffs punitive damages as a direct and proximate result of Defendants' egregious and intentional conduct; and

(c) Grant any other and further relief that this Court deems just under the circumstances.

## COUNT VIII
## CONSTRUCTIVE TRUST AS TO TRADEMARK REGISTRATION RIGHTS
(against Eco Solar only)

98.    Plaintiffs re-allege and incorporate by reference paragraphs one (1) through ninety-seven (97) as if fully set forth herein.

99.    This Count VIII is a claim for constructive trust over the ownership, rights, title and interest in United States Trademark Registration No. 4,305,795 for the mark **SOLAR COOL**.

100.    Based upon the foregoing chronology, an injustice would be served if Eco Solar continues to own and maintain United States Trademark Registration No. 4,305,795, which is based upon Defendants' November 2011 entered Distribution Agreement with Plaintiffs for sale of its **SOLAR COOL** line of proprietary solar air conditioning systems.

101.    This is especially true in that Plaintiffs have a clear priority of use – based upon its prior adoption and use of this mark in the February / March 2011 timeframe.

102.    Accordingly, equity demands that a constructive trust be placed over United States Trademark Registration No. 4,305,795 such that rights in this intellectual property is owned by Sedna Aire.

WHEREFORE, Plaintiffs respectfully request that this honorable Court:

(a) Place a constructive trust over United States Trademark Registration No. 4,305,795 such that all right, title and ownership shall be transferred to from Eco Solar to Sedna Aire;

(b) Enjoin Defendants from filing any additional and/or related trademark applications with regard to the mark **SOLAR COOL**; and

(c) Enter a judgment against Defendants in an amount suitable to recompense Plaintiffs for the loss of trademark licensing revenues; and

(d) Grant any other and further relief that this Court deems just under the circumstances.

## PRAYER FOR COSTS AND ATTORNEY FEES

Plaintiffs request an award of reasonable costs and attorney fees pursuant to the Lanham Act, the Patent Act, and the common law of the state of Florida.

## REQUEST FOR JURY TRIAL

Plaintiffs request a jury trial of all matters so triable as a matter of right.

## PRAYER FOR RELIEF

WHEREFORE, for all of the foregoing reasons, Plaintiffs SENDA AIRE USA INC. and JAMES P. HAMMOND requests this Honorable Court grant relief in the following manner:

a.      Defendants and their agents, servants, employees, and those people in active concert or participation with them be preliminary and permanently enjoined from infringing No. 8,448,458.

b.      Damages, including no less than a reasonably royalty, based upon Defendants actions of infringing U.S. Patent No. 8,448,458, based upon Defendants' sales and offer of sales of solar air conditioning systems that include a solar collector.

c.      Defendants and their agents, servants, employees, and those people in active concert or participation with them be preliminary and permanently enjoined from infringing Plaintiffs' rights in the **SOLAR COOL** mark (as well as related **SOLAR COOL** Logo).

d.      Plaintiffs be awarded all other monetary remedies available under the Lanham Act and common law, including but not limited to, penalties and fines, compensatory damages, treble damages, disgorgement of profits, interest, costs and attorney's fees as legally permitted by each count respectively.

e.      Any and all other relief that this Honorable Court deems just.

DATED this June 24, 2013.

*/s/ Robert H. Thornburg*           
Robert H. Thornburg, Esq.
Florida Bar No. 630829
rthornburg@addmg.com
Matthew N. Horowitz, Esq.
Florida Bar No. 98564
mhorowitz@addmg.com
ALLEN, DYER, DOPPELT, MILBRATH
  & GILCHRIST, P.A.
1221 Brickell Ave., Suite 2400
Miami, FL  33131
Telephone:     305-374-8303
Facsimile:      305-374-8306

*Attorneys for Sedna Aire USA Inc. and*
*James P. Hammond*